ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
NOV 5 2007
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MANOR CARE, INC. (F/K/A/ HCR MANOR CARE, INC.) and Affiliated Subsidiaries, | ) |
| and | ) |
| HCR MANOR CARE, INC. and Affiliated Subsidiaries, | ) |
| and | ) No. 07-776 T |
| MANOR CARE OF AMERICA, INC. and Affiliated Subsidiaries, | ) |
| Plaintiffs, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiffs, Manor Care, Inc. and Affiliated Subsidiaries; HCR Manor Care, Inc. and Affiliated Subsidiaries; and Manor Care of America, Inc. and Affiliated Subsidiaries, bring this action against the United States of America, the Defendant above-named, and for their causes of action allege as follows:

1. This is an action arising under the internal revenue laws of the United States for the recovery of income taxes and related interest paid by Plaintiff Manor Care, Inc. and Affiliated Subsidiaries, for its calendar taxable years 1999-

2001, inclusive; and by Plaintiff HCR Manor Care, Inc. and Affiliated Subsidiaries (herein, "HCR Group", with the parent of the group sometimes referred to separately as "HCR") for its short taxable year ended September 25, 1998 (herein, "STY 9/25/98"); and by Plaintiff Manor Care of America, Inc. and Affiliated Subsidiaries, for its fiscal taxable year ended May 31, 1998 (herein collectively, "Periods in Issue"). The causes of action of these plaintiffs present common issues of fact and law so as to permit joinder in this case.

2. Jurisdiction is conferred on this Court by Title 28, United States Code, Section 1491 and Title 26, United States Code, Section 7422.

3. Except for the STY 9/25/98 of Plaintiff HCR Group, all of the Periods in Issue involve a single consolidated group of affiliated corporations[1] filing consolidated Federal income tax returns (this consolidated group referred to herein as "Group"), with different corporate entities as parent of Group during different taxable periods as set forth in Paragraph 4 below. Plaintiff Manor Care, Inc. (F/K/A HCR Manor Care, Inc.) is the parent corporation of Group after September 25, 1998, and is organized under the laws of the State of Delaware. Plaintiff

[1] The term "affiliated corporations" herein is as defined in Section 1504 of the Internal Revenue Code of 1986, as amended to the Periods in Issue (herein, "Code") and Section 1502-1(a) of the Regulations ("Regulations" herein refer to the consolidated return regulations issued pursuant to the authority granted by Section 1502 of the Code).

Manor Care, Inc., formerly known as HCR Manor Care, Inc., was also the parent corporation of HCR Group, a separate consolidated group that terminated on September 25, 1998. Plaintiff Manor Care of America, Inc. was the parent corporation of Group prior to September 25, 1998, and is organized under the laws of the State of Delaware. At all times relevant to this action, the principal place of business of all plaintiffs has been located at 333 N. Summit St., Toledo, Ohio.

4. Group is the surviving consolidated group following a reverse acquisition on September 25, 1998 that qualified as a tax-free reorganization under Section 368(a)(2)(E) of the Code and a reverse acquisition under Section 1.1502-75(d)(3) of the Regulations. Pursuant to the reorganization, Plaintiff Manor Care of America, Inc., the former parent of Group, became a first-tier subsidiary in Group after and as a result of the reorganization whereby Manor Care of America, Inc. was acquired by HCR Group, a separate consolidated group. Pursuant to Section 1.1502-75 of the Regulations, HCR Group ceased to exist as of the date of the reorganization and its taxable year therefore terminated as of that date. Also as of that date, HCR became the parent corporation of the surviving Group, which included, after the acquisition, Manor Care of America, Inc. and its subsidiaries prior to the acquisition and also the members of former HCR Group.

5. The taxpayer identification number ("EIN") of Plaintiff Manor Care of America, Inc. and its affiliated group prior to the reverse acquisition was 52-1200376. The EIN for HCR, as parent of HCR Group and Group after the reverse acquisition, is 34-1687107.

6. The Defendant is the United States of America.

**CLAIMS AS TO PLAINTIFF MANOR CARE, INC. AND AFFILIATED SUBSIDIARIES**

**COUNT ONE**
**(1999 TAXABLE YEAR)**

7. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-6 above.

8. On or before September 15, 2000, Plaintiff filed a timely consolidated Federal income tax return for its 1999 calendar taxable year with the Internal Revenue Service Center, Cincinnati, Ohio. The name, address and EIN of the taxpayer appearing on this return were as follows:

MANOR CARE, INC. and Subsidiaries (EIN 34-1687107)
F.K.A. HCR Manor Care, Inc. and Subsidiaries
ATTN: TAX-5, P.O. Box 10086
Toledo, Ohio 43699-0086

9. Plaintiff timely paid by estimated tax payments (including by the application of an overpayment credit from the prior year to estimated tax payments), all of which was deemed paid (26 U.S.C., Section 6513(b)(2)) on March 15, 2000, to the

Internal Revenue Service Center, Cincinnati, Ohio, the full amount of tax reported to be due on its 1999 tax return in the amount of $53,385,800. This amount of tax was subsequently decreased by the amount of $12,151,262 as a result of a capital loss carryback and an audit determination by the Internal Revenue Service, to the final amount of $41,234,538 of tax due and paid for taxable year 1999.

10. On May 6, 2003 and April 5, 2004, Plaintiff executed successive Forms 872 ("Consent to Extend the Time to Assess Tax") pursuant to Section 6501(c)(4) of the Code to extend the period within which the Internal Revenue Service could assess an income tax deficiency for 1999 to and including September 30, 2005. These Consents also extended the period within which to file a claim for refund with respect to the 1999 taxable year to and including that date, plus six months, to March 31, 2006.

11. On August 22, 2005, Plaintiff filed a timely claim for refund for its 1999 taxable year with the Internal Revenue Service Center, Cincinnati, Ohio in the amount of $248,713, a copy of which is attached hereto as Exhibit A and incorporated herein by reference. The name (except for "F.K.A." designation), address, and EIN of the taxpayer appearing on the subject claim are as set forth in Paragraph 8 above.

12. Plaintiff's claim for refund with respect to the 1999 taxable year sought recovery of an overpayment of Federal income

tax as a result of Plaintiff's failure to claim on its original income tax return all allowable Work Opportunity Tax Credits (Section 51 of the Code) (herein, "WOTC") and Welfare to Work Credits (Section 51A of the Code) (herein, "WTWC") in the following amounts of credits earned by Plaintiff:

WOTC: $407,740

WTWC: $403,921

These additional WOTC and WTWC credits were earned with respect to qualified wages paid to eligible employees in "targeted groups" as defined in Sections 51(b)-(d) and 51A(b)-(c) of the Code, respectively, and result in an overpayment of tax with respect to the 1999 taxable year in the amount of $527,580.

13. The Internal Revenue Service erroneously determined that Plaintiff had not obtained proper certifications as required by Section 51(d)(12) of the Code (incorporated into WTWC by Section 51A(d)(1)), when in fact that provision does not require that actual certifications be granted by a "designated local agency" but rather provides an alternative procedure for certification in Section 51(d)(12)(A)(ii). Plaintiff complied with this alternative procedure with respect to all of the WOTC and WTWC credits in issue.

14. On April 13, 2006, the Internal Revenue Service erroneously sent a statutory notice of disallowance of Plaintiff's claim with respect to the 1999 taxable year.

**COUNT TWO**
**(2000 TAXABLE YEAR)**

15. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-6 above.

16. On or before September 15, 2001, Plaintiff filed a timely consolidated Federal income tax return for its 2000 calendar taxable year with the Internal Revenue Service Center, Cincinnati, Ohio. The name, address and EIN of the taxpayer appearing on this return were as follows:

MANOR CARE, INC. and Subsidiaries (EIN 34-1687107)
ATTN: TAX-5, P.O. Box 10086
Toledo, Ohio 43699-0086

17. Plaintiff timely paid by estimated tax payments (including by the application of an overpayment credit from the prior year to estimated tax payments), all of which was deemed paid (26 U.S.C., Section 6513(b)(2)) on March 15, 2001, to the Internal Revenue Service Center, Cincinnati, Ohio, the full amount of tax reported to be due on its 2000 tax return in the amount of $40,416,189. This amount of tax was subsequently decreased by the amount of $8,388,885 as a result of an audit

determination by the Internal Revenue Service, to the adjusted amount of $32,027,304 of tax due and paid for taxable year 2000.

18. On April 5, 2004, Plaintiff executed a Form 872 ("Consent to Extend the Time to Assess Tax") to extend the period within which the Internal Revenue Service could assess an income tax deficiency for 2000 to and including September 30, 2005. This Consent also extended the period within which to file a claim for refund with respect to the 2000 taxable year to and including that date, plus six months, to and including March 31, 2006.

19. On September 14, 2005, Plaintiff filed a timely claim for refund for its 2000 taxable year with the Internal Revenue Service Center, Cincinnati, Ohio, in the amount of $532,847, a copy of which is attached hereto as Exhibit B and incorporated herein by reference. The name, address, and EIN of the taxpayer appearing on the subject claim are as set forth in Paragraph 16 above.

20. Plaintiff's claim for refund with respect to the 2000 taxable year sought recovery of an overpayment of Federal income tax as a result of Plaintiff's failure to claim on its original income tax return all allowable WOTC (Section 51 of the Code) and WTWC (Section 51A of the Code) in the following amounts of credits earned by Plaintiff:

WOTC: $822,569

WTWC: $723,476

These additional WOTC and WTWC credits were earned with respect to qualified wages paid to eligible employees in "targeted groups" as defined in Sections 51(b)-(d) and 51A(b)-(c) of the Code, respectively, and result in an overpayment of tax with respect to the 2000 taxable year in the amount of $1,004,929.

21. The Internal Revenue Service erroneously determined that Plaintiff had not obtained proper certifications as required by Section 51(d)(12) of the Code (incorporated into WTWC by Section 51A(d)(1)), when in fact that provision does not require that actual certifications be granted by a "designated local agency" but rather provides an alternative procedure for certification in Section 51(d)(12)(A)(ii) of the Code. Plaintiff complied with this alternative procedure with respect to all of the WOTC and WTWC credits in issue.

22. On November 15, 2005, the Internal Revenue Service erroneously sent a statutory notice of disallowance of Plaintiff's claim with respect to the 2000 taxable year.

**COUNT THREE**
**(2001 TAXABLE YEAR)**

23. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-6 above.

24. On or before September 15, 2002, Plaintiff filed a timely consolidated Federal income tax return for its 2001 calendar taxable year with the Internal Revenue Service Center, Cincinnati, Ohio. The name, address and EIN of the taxpayer appearing on this return were as follows:

MANOR CARE, INC. and Subsidiaries (EIN 34-1687107)
ATTN: TAX-5, P.O. Box 10086
Toledo, Ohio 43699-0086

25. Plaintiff timely paid by estimated tax payments (including by the application of an overpayment credit from the prior year to estimated tax payments), all of which was deemed paid (26 U.S.C., Section 6513(b)(2)) on March 15, 2002, to the Internal Revenue Service Center, Cincinnati, the full amount of tax reported to be due on its 2001 tax return in the amount of $61,470,794.

26. On July 4, 2005, the Internal Revenue Service made an additional assessment against Plaintiff with respect to its 2001 taxable year in the amount of $2,587,922. Plaintiff paid this additional assessment of tax, plus assessed interest, on March 8, 2005.

27. On September 14, 2005, Plaintiff filed a timely claim for refund for its 2001 taxable year with the Internal Revenue Service Center, Cincinnati, Ohio, in the amount of $838,524, a copy of which is attached hereto as Exhibit C and incorporated herein by reference. The name, address, and EIN of the taxpayer appearing on the subject claim are as set forth in Paragraph 24 above.

28. Plaintiff's claim for refund with respect to the 2001 calendar taxable year sought recovery of an overpayment of Federal income tax as a result of Plaintiff's failure to claim on its original income tax return all allowable WOTC (Section 51 of the Code) and WTWC (Section 51A of the Code) in the following amounts of credits earned by Plaintiff:

WOTC: $1,080,086

WTWC: $1,304,152

These additional WOTC and WTWC credits were earned with respect to qualified wages paid to eligible employees in "targeted groups" as defined in Sections 51(b)-(d) and 51A(b)-(c) of the Code, respectively, and result in an overpayment of tax with respect to the 2001 taxable year in the amount of $1,549,755.

29. The Internal Revenue Service erroneously determined that Plaintiff had not obtained proper certifications as required by Section 51(d)(12) of the Code (incorporated into WTWC by Section 51A(d)(1)), when in fact that provision does not

require that actual certifications be granted by a "designated local agency" but rather provides an alternative procedure for certification in Section 51(d)(12)(A)(ii) of the Code. Plaintiff complied with this alternative procedure with respect to all of the WOTC and WTWC credits in issue.

30. On November 15, 2005, the Internal Revenue Service erroneously sent a statutory notice of disallowance of Plaintiff's claim with respect to the 2001 taxable year.

**CLAIMS AS TO PLAINTIFF HCR MANOR CARE, INC. AND AFFILIATED SUBSIDIARIES**

**COUNT FOUR**
**(STY 9/25/98)**

31. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-6 above.

32. On or before September 15, 1999, Plaintiff filed a timely consolidated Federal income tax return for its STY 9/25/98 with the Internal Revenue Service Center, Cincinnati, Ohio. The name, address and EIN of the taxpayer appearing on this return were as follows:

HCR MANOR CARE, INC. and Subsidiaries (EIN 34-1687107)
ATTN: TAX-5, P.O. Box 10086
Toledo, Ohio 43699-0086

33. Plaintiff timely paid by estimated tax payments (including by the application of an overpayment credit from the

prior year to estimated tax payments), all of which was deemed paid (26 U.S.C., Section 6513(b)(2)) on March 15, 1999, to the Internal Revenue Service Center, Cincinnati, Ohio, the full amount of tax reported to be due on its STY 9/25/98 tax return in the amount of $11,812,213.

34. On September 15, 2003, the Internal Revenue Service made an additional assessment against Plaintiff with respect to its STY 9/25/98 in the amount of $1,445,130. On August 15, 2003, Plaintiff paid $436,570.86, with the remainder of this additional assessment of tax, plus assessed interest, being satisfied in full with other payments (including the transfer of overpayment credits from various prior taxable years).

35. On August 15, 2005, Plaintiff filed a timely claim for refund with the Internal Revenue Service Center, Cincinnati, Ohio, in the amount of $104,595 a copy of which is attached hereto as Exhibit D and incorporated herein by reference. The name, address, and EIN of the taxpayer appearing on the subject claim are as set forth in Paragraph 32 above.

36. Plaintiff's claim for refund with respect to the STY 9/25/98 sought recovery of an overpayment of Federal income tax as a result of Plaintiff's failure to claim on its original income tax return all allowable WOTC (Section 51 of the Code) and WTWC (Section 51A of the Code) in the following amounts of credits earned by Plaintiff:

WOTC: $155,983

WTWC: $45,277

These additional WOTC and WTWC credits were earned with respect to qualified wages paid to eligible employees in "targeted groups" as defined in Sections 51(b)-(d) and 51A(b)-(c) of the Code, respectively, and result in an overpayment of tax with respect to the STY 9/25/98 in the amount of $130,819.

37. The Internal Revenue Service erroneously determined that Plaintiff had not obtained proper certifications as required by Section 51(d)(12) of the Code (incorporated into WTWC by Section 51A(d)(1)), when in fact that provision does not require that actual certifications be granted by a "designated local agency" but rather provides an alternative procedure for certification in Section 51(d)(12)(A)(ii) of the Code. Plaintiff complied with this alternative procedure with respect to all of the WOTC and WTWC credits in issue.

38. On November 15, 2005, the Internal Revenue Service erroneously sent a statutory notice of disallowance of Plaintiff's claim with respect to the STY 9/25/98.

**CLAIMS AS TO PLAINTIFF MANOR CARE OF AMERICA, INC. AND AFFILIATED SUBSIDIARIES**

**COUNT FIVE**
**(FISCAL TAXABLE YEAR ENDED MAY 31, 1998)**

39. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-6 above.

40. On or before February 15, 1999, Plaintiff filed a timely consolidated Federal income tax return for its fiscal taxable year ended May 31, 1998 with the Internal Revenue Service Center, Cincinnati, Ohio. The name, address and EIN of the taxpayer appearing on this return were as follows:

MANOR CARE, INC. and Subsidiaries (EIN 52-1200376)
ATTN: TAX-5, P.O. Box 10086
Toledo, Ohio 43699-0086

41. Plaintiff timely paid by estimated tax payments (including by the application of an overpayment credit from the prior year to estimated tax payments), all of which was deemed paid (26 U.S.C., Section 6513(b)(2)) on August 15, 1998, to the Internal Revenue Service Center, Cincinnati, Ohio, the full amount of tax reported to be due on its 1998 tax return in the amount of $7,775,455.

42. On September 15, 2003, the Internal Revenue Service made an additional assessment against Plaintiff with respect to its 1998 taxable year in the amount of $4,942,794. Plaintiff paid this additional assessment of tax, plus assessed interest,

on August 15, 2003 to the Internal Revenue Service Center, Cincinnati, Ohio.

43. On August 15, 2005, Plaintiff filed a timely claim for refund with the Internal Revenue Service Center, Cincinnati, Ohio, in the amount of $216,327, a copy of which is attached hereto as Exhibit E and incorporated herein by reference. The name, address, and EIN of the taxpayer appearing on the subject claim are as set forth in Paragraph 40 above.

44. Plaintiff's claim for refund with respect to its 1998 fiscal taxable year sought recovery of an overpayment of Federal income tax as a result of Plaintiff's failure to claim on its original income tax return all allowable WOTC (Section 51 of the Code) and WTWC (Section 51A of the Code) in the following amounts of credits earned by Plaintiff:

WOTC: $321,146

WTWC: $8,414

These additional WOTC and WTWC credits were earned with respect to qualified wages paid to eligible employees in "targeted groups" as defined in Sections 51(b)-(d) and 51A(b)-(c) of the Code, respectively, and result in an overpayment of tax with respect to the 1998 taxable year in the amount of $214,214.

45. The Internal Revenue Service erroneously failed to allow Plaintiff's claim for refund. Plaintiff had taken the required actions for certification as required by Section

51(d)(12) of the Code (incorporated into WTWC by Section 51A(d)(1)). That provision does not require that actual certifications be granted by a "designated local agency", but rather provides an alternative procedure for certification in Section 51(d)(12)(A)(ii) of the Code. Plaintiff complied with this alternative procedure with respect to all of the WOTC and WTWC credits in issue.

46. Plaintiff has no record of receiving a statutory notice of disallowance of its claim with respect to its 1998 fiscal taxable year. More than six months has elapsed since the filing of the claim.

**WHEREFORE**, Plaintiffs pray that judgment be entered in their favor and against Defendant in the total amounts set forth in herein, specifically:

(1) Plaintiff Manor Care, Inc. and Affiliated Subsidiaries, in the total amount of $3,082,264 as set forth in Paragraphs 12, 20 and 28 of Counts I-III, respectively, for overpayments of Federal income taxes for the taxable years 1999-2001, inclusive;

(2) Plaintiff HCR Manor Care, Inc. and Affiliated Subsidiaries, in the total amount of $130,819 as set forth in Paragraph 36 of Count IV, for overpayments of Federal income taxes for the STY 9/25/98; and

(3) Plaintiff Manor Care of America, Inc. and Affiliated Subsidiaries, in the total amount of $214,214 as set forth in Paragraph 44 of Count V, for overpayments of Federal income taxes for the fiscal taxable year ended May 31, 1998;

or such greater amounts to which plaintiffs may be entitled as established by the evidence; plus assessed interest paid with respect to such amounts; plus statutory interest thereon as provided by law; and, for such other and further relief as the Court deems just.

Respectfully submitted,

ROBERT T. CARNEY
Counsel for Petitioner
O'MELVENY & MYERS, LLP
1625 I St., N.W.
Washington, D.C. 20006
Telephone: (202) 383-5317
Fax: (202) 383-5414

Dated: November 5, 2007