**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MANOR CARE, INC. (F/K/A/ HCR MANOR CARE, INC.) and Affiliated Subsidiaries,** | ) | |
| **and** | ) | |
| **HCR MANOR CARE, INC. and Affiliated Subsidiaries,** | ) | |
| **and** | ) | **No. 07-776 T** |
| | ) | **The Honorable Lawrence M. Baskir** |
| **MANOR CARE OF AMERICA, INC. and Affiliated Subsidiaries,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**ANSWER**

Defendant, the United States, by way of Answer to the Complaint in the above-captioned case, respectfully denies each and every allegation contained therein not admitted below.

Defendant further:

1. Admits that the first sentence of paragraph 1 includes an accurate statement of plaintiffs' claims. Denies that plaintiffs, or any of them, are entitled to a refund of any amount of tax or interest. Admits the allegations contained in the last sentence of paragraph 1.

2. Avers that jurisdiction, to the extent that it exists, is conferred by 28 U.S.C. § 1491.

3. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6.

7. Incorporates by reference the responses set forth in Paragraphs 1 - 6 above.

8. Admits the allegations contained in the first sentence of paragraph 8, except the allegation of timeliness, which is a legal conclusion, to which no response is required. Avers that it is presently

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

9. Admits the allegations contained in the first sentence of paragraph 9, except the allegation of timeliness, which is a legal conclusion, to which no response is required. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10.

11. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Avers that the allegations contained in paragraph 13 are legal conclusions, to which no response is required.

14. Admits the allegations contained in paragraph 14, except denies that such action was erroneous.

15. Incorporates by reference the responses set forth in Paragraphs 1 - 6 above.

16. Admits the allegations contained in paragraph 16, except the allegation of timeliness, which is a legal conclusion, to which no response is required.

17. Admits the allegations contained in paragraph 17, except the allegation of timeliness, which is a legal conclusion, to which no response is required.

18. Admits the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19, except the allegation of timeliness, which is a legal conclusion, to which no response is required. Admits the authenticity of Exhibit B to the Complaint. Denies each and every allegation contained in Exhibit B not admitted elsewhere in this Answer.

20. Denies the allegations contained in paragraph 20.

21. Avers that the allegations contained in paragraph 21 are legal conclusions, to which no response is required.

22. Admits the allegations contained in paragraph 22, except denies that such action was erroneous.

23. Incorporates by reference the responses set forth in Paragraphs 1 - 6 above.

24. Admits the allegations contained in paragraph 24, except the

allegation of timeliness, which is a legal conclusion, to which no response is required.

25. Admits the allegations contained in paragraph 25, except the allegation of timeliness, which is a legal conclusion, to which no response is required.

26. Admits the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27, except the allegation of timeliness, which is a legal conclusion, to which no response is required. Admits the authenticity of Exhibit C to the Complaint. Denies each and every allegation contained in Exhibit C not admitted elsewhere in this Answer.

28. Denies the allegations contained in paragraph 28.

29. Avers that the allegations contained in paragraph 29 are legal conclusions, to which no response is required.

30. Admits the allegations contained in paragraph 30, except denies that such action was erroneous.

31. Incorporates by reference the responses set forth in Paragraphs 1 - 6 above.

32. Admits the allegations contained in paragraph 32, except the allegation of timeliness, which is a legal conclusion, to which no response

is required.

33. Admits the allegations contained in paragraph 33, except the allegation of timeliness, which is a legal conclusion, to which no response is required.

34. Admits the allegations contained in paragraph 34.

35. Admits the allegations contained in paragraph 35, except the allegation of timeliness, which is a legal conclusion, to which no response is required. Admits the authenticity of Exhibit D to the Complaint. Denies each and every allegation contained in Exhibit D not admitted elsewhere in this Answer.

36. Denies the allegations contained in paragraph 36.

37. Avers that the allegations contained in paragraph 37 are legal conclusions, to which no response is required.

38. Admits the allegations contained in paragraph 38, except denies that such action was erroneous.

39. Incorporates by reference the responses set forth in Paragraphs 1 - 6 above.

40. Denies that the document referred to was received on or before February 15, 1999. Denies that the address on the document referred to was as alleged. Avers that the allegation of timeliness is a legal

conclusion, to which no response is required. Admits the remaining allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41, except the allegation of timeliness, which is a legal conclusion, to which no response is required.

42. Admits the allegations contained in paragraph 42.

43. Admits the allegations contained in paragraph 43, except the allegation of timeliness, which is a legal conclusion, to which no response is required. Denies that Exhibit E to the Complaint is a copy of the document filed on or about August 15, 2005.

44. Denies the allegations contained in paragraph 44.

45. Avers that the allegations contained in paragraph 45 are legal conclusions, to which no response is required.

46. Avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of paragraph 46. Admits the allegation contained in the second sentence of paragraph 46. Avers that the statutory notice of disallowance was issued by letter dated November 15, 2005.

WHEREFORE, defendant prays the complaint be dismissed, with all allowable costs assessed against plaintiffs.

Respectfully submitted,

s/ W. C. Rapp
W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Phone: (202) 307-0503*
*Fax: (202) 514-9440*
*william.c.rapp2@usdoj.gov*

NATHAN J. HOCHMAN
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
G. ROBSON STEWART
*Reviewer*

February 1, 2008

s/ G. Robson Stewart
Of Counsel