**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MANOR CARE, INC. (F/K/A/ HCR MANOR CARE, INC.) and Affiliated Subsidiaries,** | ) | |
| **and** | ) | |
| **HCR MANOR CARE, INC. and Affiliated Subsidiaries,** | ) | |
| **and** | ) | **No. 07-776 T** |
| | ) | **The Honorable Lawrence M. Baskir** |
| **MANOR CARE OF AMERICA, INC. and Affiliated Subsidiaries,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

The parties submit the following information pursuant to Appendix A to the Rules of the United States Court of Federal Claims.

(a). The parties believe that the Court has jurisdiction of this action pursuant to 28 U.S.C. § 1491.

(b). The parties are aware of no other case with which this case ought to be consolidated.

(c). The parties believe that the legal issues presented by this case will be decided on cross-motions for partial summary judgment, as set out below. In the event that trial of some issues is necessary, the parties would ask that the Court determine only the question of liability, and thereafter permit the parties a reasonable period of time within which to perform and agree upon any necessary recomputation of tax liability and interest due, with a view to the parties submitting an agreed stipulation as to the amount of the judgment. This will avoid unnecessary time at trial devoted to the question of computations.

(d). The parties do not believe that this case should be suspended pending consideration of any other case.

(e). Not applicable.

(f). The parties are unaware of any other parties the joinder of which would be necessary or proper.

(g). Both parties anticipate the filing of cross-motions for partial summary judgment to resolve threshold legal issues, as set out below. The parties anticipate that they will submit a joint statement of uncontroverted facts for this purpose.

The parties also intend to engage in settlement discussions and propose that 60 days be allotted for such discussions prior to the pretrial discovery period. If those discussions are productive, the parties will promptly notify the

court. If they are not productive, then the parties would expect to file their cross-motions for partial summary judgment. Following resolution of those motions, the parties will recommend to the Court a discovery and trial schedule, the nature of which will depend upon the manner in which the Court resolves the cross-motions.

(h). The issue in any tax refund case is whether plaintiff has overpaid their tax liability. The parties have identified the following subsidiary legal issues:

1. Sections 51 and 51A of the Internal Revenue Code provide income tax credits (so-called Work Opportunity Tax Credits and Welfare-to-Work Credits) to employers for wages paid with respect to employees who are members of certain statutorily-defined targeted groups. Those groups relate to categories of disadvantaged persons, such as qualified veterans and recipients of family assistance, among others. As to some of plaintiffs' employees with respect to which plaintiffs believe it is entitled to claim such credits, plaintiffs did not obtain certification by the statutorily-designated state agencies of the status of such employees as being members of one or another of the statutorily-defined targeted groups. Plaintiffs contend, pursuant to Code

section 51(d), that the credits may be claimed by either timely requesting or receiving certification from the designated state agency. It is the Government's view that no credit may be allowed absent actual certification by the statutorily designated state agency. It is plaintiffs' view that actual certifications are not required in this case to entitle plaintiffs to claim the credit.

2. The relevant factual issues are (1) whether plaintiffs timely and properly requested from statutorily-designated state agencies certifications that prospective employees were members of one of the targeted groups; and (2) whether the relevant state agencies improperly denied such requests based on an inaccurate interpretation of the law as to an eligibility criterion and/or for other reasons or in other respects. The relevant legal issue is whether plaintiffs are entitled to claim the credit by reason of (1) having timely satisfied their obligation to request certification based on the submission under penalties of perjury of required information on employee membership in the targeted groups; or (2) the inaction of the Federal government in providing guidance on an essential eligibility criterion prior to the states' denial of plaintiffs' certification requests.

3. If the Court were to find, as a matter of law, that some or all of the credits were not barred by failure to obtain certification, then an issue of fact will be presented as to whether such employees were members of one or another statutorily-defined targeted groups, and whether plaintiffs complied with all other prerequisites of the statute, as interpreted by the Court. If the Court determines that plaintiffs were entitled to claim the credits with respect to some or all of its employees, then there will remain the question of the actual number of such employees, the amount of qualified wages, and the consequent amount of credit to be allowed.

(i). The parties anticipate commencing settlement discussions immediately, and request below a period of 60 days to pursue that course. The parties request that thereafter the parties notify the Court if settlement is likely, or whether they ought instead to proceed with the filing of their cross-motions for partial summary judgment. If the parties are not progressing toward settlement within 60 days, they are amenable to alternative dispute resolution. However, if the course of their settlement negotiations suggests that ADR is unlikely to be helpful, the parties will proceed instead with filing cross-motions for partial summary judgment.

(j). As set out above, if the parties are unable to resolve the case through settlement, they anticipate the filing of cross-motions for partial summary judgment. Whether a trial will be necessary thereafter depends, in part, on the nature of the Court's resolution of those cross-motions.

(k). There are no special issues regarding electronic case management of which the parties are aware.

(l). The parties are unaware of any additional information of which the Court should be aware. The parties do not at this time expect to rely upon expert witnesses, but, if a trial becomes necessary, then the parties will notify the court within 60 days after the cross motions for partial summary judgment are resolved if their expectations as to the use of expert witnesses should change. Initial disclosures will be completed on or before June 6, 2008. If discovery is necessary after the Court rules on the dispositive motions respecting the threshold legal issues, the parties anticipate completing discovery within six months.

Respectfully submitted,

s/ Gerald A. Kafka
*GERALD A. KAFKA*
*Attorney of Record*
*LATHAM & WATKINS, LLP*
*Suite 1000*
*555 Eleventh Street, N.W.*
*Washington, D.C. 20004-1304*
*Phone: (202) 637-2198*
*Fax: (202) 637-2201*
*gerald.kafka@lw.com*

Attorney for Plaintiffs

s/ W. C. Rapp
W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Phone: (202) 307-0503*
*Fax: (202) 514-9440*
*william.c.rapp2@usdoj.gov*

NATHAN J. HOCHMAN
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
G. ROBSON STEWART
*Reviewer*

s/ G. Robson Stewart
Of Counsel

Attorneys for Defendant